UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BRANCH BANKING AND TRUST
COMPANY,

    Plaintiff,

v.                                         CASE NO.: 8:09-cv-2519-T-23TBM

MPI 18TH STREET SOUTH, LLC,

    Defendant.
_____/

## **ORDER**

A February 3, 2010, order (Doc. 15) directs the Clerk to enter a default judgment against the defendant in the amount of $3,377,156.93 and orders the United States Marshal to proceed with a foreclosure sale. The order states (1) that the sale is subject to "confirmation" and (2) that, upon "confirmation" and "receipt of the full purchase price," the Marshal shall execute and deliver the deed to the purchaser. After advertising the sale in accord with 28 U.S.C. §§ 2001 and 2002, the Marshal held a foreclosure sale on March 22, 2010, on the steps of the Pinellas County Courthouse. The plaintiff purchased the property for $10,000.00. The Marshal filed a "report of sale" on April 6, 2010. The plaintiff moves (Doc. 20) for an order "approving" the report of sale (Doc. 17) so that the Marshal may issue the certificate of title.

Title 28, United States Code, Section 2001 governs the judicial sale of real property and states that a public sale "shall be upon such terms and conditions as the court directs." The judicial sale procedure prescribed by Section 45.031, Florida

Statutes, "may be followed as an alternative to any other sale procedure if so ordered by the court." Under Section 45.031(6), "confirmation" of a foreclosure sale occurs upon the clerk's filing of a certificate of title, "and title to the property shall pass to the purchaser named in the certificate without the necessity of any further proceedings or instruments."[1] Accordingly, pursuant to Section 45.031(6), Florida Statutes, the motion (Doc. 20) is **GRANTED**. The Marshal is directed to (1) issue a certificate of title to the purchaser, Branch Banking and Trust Company, and (2) pay the cost of the sale, including the cost of publication and any expense of preservation, from the sale proceeds.

ORDERED in Tampa, Florida, on May 14, 2010.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

---

[1] The amount bid for the property is presumably sufficient consideration for the sale. "If the case is one in which a deficiency judgment may be sought and application is made for a deficiency, the amount bid at the sale may be considered by the court as one of the factors in determining a deficiency under the usual equitable principles." Fla. Stat. § 45.031(8).